UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

PARATICUARA LTDA.,                              :
                                                :
                          Plaintiff,            :
                                                :
              v.                                :
                                                :
THE BOLIVARIAN REPUBLIC                          :    Civil Case No.: 1:24-cv-07738
OF VENEZUELA,                                    :
                                                :
                          Defendant.            :
                                                :
                                                :
                                                :
                                                :
                                                :

-----------------------------------------------------------------------x

## COMPLAINT

Plaintiff, by its undersigned counsel, as and for its Complaint against defendant The Bolivarian Republic of Venezuela (the "Republic" or "Venezuela"), alleges as follows:

## NATURE OF THE ACTION

1.      This is a breach of contract action arising from the Republic's failure to make contractually mandated payments of principal and interest on certain securities as described below (the "Securities"), held by Plaintiff and issued by the Republic pursuant to a Fiscal Agency Agreement, dated July 26, 2001 (the "2001 FAA").  For its relief, Plaintiff seeks payment of the unpaid principal of, and the accrued and unpaid interest on, its Securities, as provided in the 2001 FAA and in the Securities themselves, under New York law.

## THE PARTIES

2.      Plaintiff Paraticuara Ltda. is a limited liability company headquartered in Belize.

3.      Defendant The Bolivarian Republic of Venezuela is a foreign state as defined in 28 U.S.C. § 1603.

1

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1330(a). The Republic is a foreign state which has explicitly and unconditionally waived sovereign immunity with respect to actions arising out of or based on the securities issued pursuant to the 2001 FAA, or arising out of or based on the 2001 FAA itself, by holders of the securities issued thereunder. The Republic is not entitled to immunity under 28 U.S.C. §§ 1605-07 or under any applicable international agreement with respect to the claims asserted in this action.

5.     This Court has personal jurisdiction over the Republic because the Republic regularly conducts business in New York and the Republic consented in the 2001 FAA to submit to the jurisdiction of this Court, with respect to actions by holders of securities issued under the 2001 FAA, arising out of or based on such securities, or arising out of or based on the 2001 FAA itself.

6.     Venue is proper in this district by agreement of the parties and pursuant to 28 U.S.C. § 1391(f).

7.     The Republic, as stated in the 2001 FAA, has appointed, as its authorized agent to receive service of process, the Consul General of the Republic or, in his or her absence or incapacity, any official of the Consulate of the Republic, located at 7 East 51st Street, New York, New York 10022. Alternatively, if service cannot otherwise be made, service of process will be achieved through the procedures described in 28 U.S.C. § 1608(a)(4).

## FACTUAL ALLEGATIONS

8.     On or about July 26, 2001, the Republic, Banco Central de Venezuela, as official financial agent of the Republic, and Deutsche Bank AG and Bankers Trust Company, as fiscal agents and principal paying agents, entered into a contract referred to herein as the "2001 FAA." The parties to the 2001 FAA amended the contract as of September 19, 2003, March 21, 2005,

DM3\10850702.8

and December 17, 2007. The 2001 FAA and its amendments are governed by the laws of the State of New York without regard to conflicts of laws principles for all matters other than Venezuela's execution and authorization of that agreement, which are governed by the laws of Venezuela.

9.    From time to time, Venezuela has issued Securities under the terms of the 2001 FAA. The principal amount, interest rate, payment dates, and other relevant terms are set forth in the Securities themselves and in the offering documents for each series. Plaintiff's Securities (sometimes referred to as bonds or notes) represent duly issued and valid unconditional obligations of the Republic. The Securities have been issued in series identified by ISIN number.

10.    Plaintiff's holdings in the Securities are summarized in the following chart. The 2001 FAA provides that the Republic must repay principal on the Maturity Dates shown below:

| ISIN No. | FAA | Maturity Date | Interest Rate | Principal Amount Held by Plaintiff |
|---|---|---|---|---|
| USP97475AN08 | 2001 FAA | 10/13/2019 | 7.75% | $200,000 |
| USP17625AA59 | 2001 FAA | 05/07/2023 | 9.00% | $300,000 |
| USP97475AP55 | 2001 FAA | 10/13/2024 | 8.25% | $700,000 |

11.    The Republic failed to repay principal on October 13, 2019, May 7, 2023, and October 13, 2024 for the Securities. To date, the Republic has yet to make any such repayment.

12.    The Securities and the 2001 FAA also require that the Republic make semi-annual interest payments to Plaintiff, on the dates shown in the chart below, until the principal is paid or fully provided for:

3

| ISIN No. | Semi-Annual Payment Dates | First Missed Interest Payment | Interest Default Date | Plaintiff's Current Amount of Unpaid Interest |
|---|---|---|---|---|
| USP97475AN08 | Apr 13, Oct 13 | 10/13/2017 | 11/12/2017 | $108,500 |
| USP17625AA59 | May 7, Nov 7 | 11/07/2017 | 12/07/2017 | $189,000 |
| USP97475AP55 | Apr 13, Oct 13 | 10/13/2017 | 11/12/2017 | $404,250 |

13.    The Republic failed to make the interest payments on the dates shown in the chart below:

| ISIN | Missed Scheduled Payments |
|---|---|
| USP97475AN08 | October 13, 2017; April 13, 2018; October 13, 2018; April 13, 2019; October 13, 2019; April 13, 2020; October 13, 2020; April 13, 2021; October 13, 2021; April 13, 2022; October 13, 2022; April 13, 2023; October 13, 2023; April 13, 2024. |
| USP17625AA59 | November 7, 2017; May 7, 2018; November 7, 2018; May 7, 2019; November 7, 2019; May 7, 2020; November 7, 2020; May 7, 2021 November 7, 2021; May 7, 2022; November 7, 2022; May 7, 2023; November 7, 2023; May 7, 2024. |
| USP97475AP55 | October 13, 2017; April 13, 2018; October 13, 2018; April 13, 2019; October 13, 2019; April 13, 2020; October 13, 2020; April 13, 2021; October 13, 2021; April 13, 2022; October 13, 2022; April 13, 2023; October 13, 2023; April 13, 2024. |

14.    The terms and conditions of the Securities provide that an "Event of Default" occurs if the Republic fails to pay the principal on the maturity dates (October 13, 2019, May 7, 2023, and October 13, 2024); in addition, the terms and conditions of the Securities state that an "Event of Default" occurs if the Republic fails to pay interest or other amounts on the Securities when due, and such failure continues for a period of 30 days.

15.    The terms and conditions of the Securities further provide that if an Event of Default "shall occur and be continuing" then holders of 25% or more in aggregate outstanding principal amount of the respective series may, by written demand, declare the Securities immediately due and payable, whereupon the entire unpaid principal, and accrued and unpaid interest, becomes payable forthwith (the "Acceleration Provision").

16.    Beginning in October 2017, the Republic stopped making required principal repayments and/or required interest payments on each of the Securities. In each instance, the amounts remain unpaid today.

17.    To date, the Republic has not paid certain principal and interest amounts due on the Securities.

18.    Plaintiff, as the beneficial owner of these Securities, is authorized to bring this action.

## CLAIM FOR RELIEF

### (For Breach of Contract on Plaintiff's Securities)

19.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 18 herein.

20.    By reason of the foregoing, the Republic has breached its contractual obligations to Plaintiff, and the Republic is liable to Plaintiff for the amount of unpaid interest and principal, plus additional amounts of principal of, and interest on, Plaintiff's Securities as such amounts accrue, become due, and remain unpaid by the Republic, plus interest thereon.

WHEREFORE, Plaintiff demands judgment against the Republic, as follows:

i.    Awarding Plaintiff damages against the Republic in the amount of at least $1,901,750.00, plus interest. This amount includes the total principal owed to Plaintiff ($1,200,000.00), plus the total missed

interest payments owed to Plaintiff ($701,750.00); and

ii.     Awarding Plaintiff its costs, attorneys' fees, and such other further

relief as this Court shall deem just and proper.

Dated: New York, New York
       October 11, 2024

DUANE MORRIS LLP

By:
Name: Rudolph J. DiMassa
Email: dimassa@duanemorris.com

1540 Broadway
New York, NY 10036-4086
Telephone: +1 215 979 1506
Fax: +1 215 689 2138

*Attorneys for Plaintiff*

6