| |  | |
|---|---|---|
| NEW YORK | | HANOI |
| LONDON | | HO CHI MINH CITY |
| SINGAPORE | | SHANGHAI |
| PHILADELPHIA | FIRM and AFFILIATE OFFICES | ATLANTA |
| CHICAGO | | BALTIMORE |
| WASHINGTON, DC | | WILMINGTON |
| SAN FRANCISCO | ANTHONY J. COSTANTINI | MIAMI |
| SILICON VALLEY | DIRECT DIAL: +1 212 692 1032 | BOCA RATON |
| SAN DIEGO | PERSONAL FAX: +1 212 202 4715 | PITTSBURGH |
| LOS ANGELES | E-MAIL: AJCostantini@duanemorris.com | NORTH JERSEY |
| BOSTON | | LAS VEGAS |
| HOUSTON | www.duanemorris.com | SOUTH JERSEY |
| DALLAS | | LAKE TAHOE |
| FORT WORTH | | MYANMAR |
| AUSTIN | | |
| | | ALLIANCES IN MEXICO |

January 8, 2025

**VIA ECF**

Honorable Jeannette A. Vargas
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, New York 10007-1312

**MEMO ENDORSED**

Re:   *Paraticuara Ltda. v. Bolivarian Republic of Venezuela*
   **Civil Case No.: 1:24-cv-07738-JAV**

Dear Judge Vargas:

We represent Plaintiff in the above-captioned matter. We write pursuant to Sections 3(A) and 3(E) of Your Honor's Individual Rules and Practices in Civil Cases to respectfully request: (a) a ninety-day extension of the deadline to serve the summons and complaint in this action upon the defendant, The Bolivarian Republic of Venezuela ("the Republic"); and (b) a commensurate adjournment of the Initial Pretrial Conference presently scheduled to occur on January 13, 2025 at 2:30 p.m. (D.E. 6 &7.) Plaintiff filed the complaint in this action on October 11, 2024. Despite Plaintiffs' diligence, it appears unlikely that service will be completed by that deadline or before the scheduled Initial Pretrial Conference. As such, we respectfully request extensions of such deadlines.

This breach of contract action arises out of certain debt securities issued by the Republic pursuant to a Fiscal Agency Agreement, dated July 26, 2001 (the "2001 FAA"). The 2001 FAA includes choice-of-law and venue provisions pursuant to which the Republic agreed that its obligations would be governed by New York law and enforceable in New York courts. We submit that Plaintiff has made—and is continuing to make – reasonable efforts to serve the Republic. Further, there is no prejudice to the Republic resulting from the delay in service; indeed, the delay is directly attributable to the Republic.

The Republic is a foreign sovereign that must be served pursuant to the Foreign Sovereign Immunities Act. Specifically, 28 U.S.C. § 1608(a) "provides the sole means for

DuaneMorris

Honorable Jeannette A. Vargas
January 8, 2025
Page 2

effecting service of process on a foreign state." *Lovati v. Bolivarian Republic of Venezuela*, Nos. 19-cv-4793(ALC), 19-cv-4796(ALC), 2020 WL 6647423, at *2 (S.D.N.Y. Nov. 11, 2020). "The statute prescribes four methods in descending order of preference." *Id*. "Plaintiffs must attempt service by the first method, or determine that it is unavailable, before attempting the subsequent three methods." *Id*. (citations omitted). As discussed below, the first three statutory methods are not available, so Plaintiff is presently employing the fourth method.

First, although a "special arrangement" once existed as contemplated by Section 1608(a)(1) – i.e., the contract underlying this Action provide for service of process upon the Republic's Consul General or any official of its Consulate – the Republic abandoned that arrangement when, after a period of political upheaval in Venezuela, the Republic recalled its Consul General and closed its Consulate. *See, e.g., Lovati*, 2020 WL 6647423, at *3; *see also Syracuse Mountains Corp. v. Bolivarian Republic of Venezuela*, No. 21 Civ. 2678 (AT), ECF No. 46 at 3 (S.D.N.Y. Jul. 5, 2023).

Second, as the *Syracuse Mountains* Court found, the Republic "has formally stated that service under §§ 1608(a)(1), (2), and (3) is unavailable," and "the only method of service currently available against Venezuela is set forth in § 1608(a)(4), which allows for service through diplomatic channels." *Syracuse Mountains*, ECF No. 46 at 4. This recent finding by Judge Torres is consistent with our office's experience, including in connection with the above-referenced *Lovati* matter and through subsequent communications with representatives for the Republic. Among other things, we understand that the United States does not recognize the Maduro-controlled Ministry of Foreign Affairs. Further, "Venezuela has objected to service by mail under Article 10 of the Hague Convention." *Osio v. Moros*, No. 1:21-cv-20706-GAYLES, 5 (S.D. Fla. Apr. 21, 2021); *see also* https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/VenezuelaBolivarianRepublicof.html ("Venezuela formally objected to service under Article 10, and does not permit service via postal channels.").

Based on the foregoing, Plaintiff has determined that the fourth statutory method for service is the only viable method for serving the Republic. As such, we will ask the Clerk of Court for the Southern District of New York to assist with our efforts to serve the Republic consistent with the Clerk's Office Foreign Mailing Instructions regarding Procedures for Service Pursuant to 28 U.S.C. § 1608(a)(4). Under this method, the Clerk transmits original and translated copies of the summons, complaint and other documents to the United States Department of State for service through diplomatic channels. The next step in this process is for the State Department to transmit the materials to the Republic through diplomatic channels and then transmit a certified diplomatic note to the Clerk confirming the same. 28 U.S.C. § 1608(a)(4). The date of service will be the date reflected in that note. *Id*. § 1608(c)(1). Based on our experience, this last step can take several months. The Court has found, in equivalent situations, that "the period for completion of service of process may be extended, as 'the timing of service is out of a plaintiff's control.'" *In re South African Apartheid Litig.*, 643 F.Supp.2d 423, 433 (S.D.N.Y. 2009).



Honorable Jeannette A. Vargas
January 8, 2025
Page 3

    For the foregoing reasons, we respectfully request that the Court extend the January 9, 2025 deadline to serve the summons and complaint by ninety days to April 9, 2025. We further request a commensurate extension of the January 13, 2025 Initial Pretrial Conference. We will of course apprise the Court of any material developments regarding service of process in the meantime.

    Consistent with Section 3(E) of Your Honor's Individual Rules and Practices in Civil Cases, we note that this is the first such request for an extension of the foregoing deadlines and that we have not been able to secure the Republic's consent for this request.

    We thank the Court for its consideration of this matter.

                                     Respectfully submitted,

                                     *s/Rudolph J. DiMassa*

                                     Rudolph J. DiMassa

RJD

Having reviewed Plaintiff's letter, the Court finds that Plaintiff has demonstrated good cause for the failure to timely serve Defendant. Accordingly, the motion for an extension of time to complete service under Rule 4(m) is GRANTED. Plaintiff's time to serve the Defendant is extended until **April 9. 2025**. The conference scheduled for January 13, 2025, is adjourned until **April 21, 2025 at 11:00am**. The deadline for the submission of the joint status letter is extended *nunc pro tunc* until **April 14, 2025**.

The Clerk of Court is directed to terminate ECF No. 8.

SO ORDERED.

                                                               Date: 1/10/2025

HON. JEANNETTE A. VARGAS
UNITED STATES DISTRICT JUDGE