**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PARATICUARA LTDA.,<br><br>PLAINTIFF,<br><br>-v-<br><br>THE BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>DEFENDANT. | No. 24-CV-07738-JAV<br><br>**STIPULATION AND [PROPOSED] ORDER OF DISMISSAL WITHOUT PREJUDICE** |

WHEREAS Plaintiff initiated this action (the "Action") by the filing of a Complaint on October 11, 2024 (ECF No. 1);

WHEREAS Plaintiff contends that it is the beneficial owner of securities issued by the Defendant the Bolivarian Republic of Venezuela (the "Republic") in excess of $1.20 million that have been in default since no earlier than October 2019 and are identified on page 3 of the Complaint (ECF No. 1) (such securities, the "Securities," and holders of such securities, "Securities Holders") or are persons who otherwise have authority on behalf of Securities Holders to initiate this Action to recover interest and/or principal payments due on the Securities;

WHEREAS Plaintiff is committed to working constructively on the best path to help avoid litigation, with the ultimate goal remaining to ensure the future orderly and equitable process of debt restructuring where appropriate;

WHEREAS the Republic determined that it was in the best interests of the Republic and its citizens to suspend the running of any applicable statutes of limitation with respect to certain bonds validly issued by the Republic so as to avoid expensive and wasteful litigation by bondholders concerned that their claims would be prescribed unless they timely filed suit;

WHEREAS on March 30, 2023, the Republic issued the Tolling Announcement (attached hereto as Exhibit A) extending the statute of limitations applicable to the Bonds and Enforcement Actions described in Exhibit A until December 31, 2028 (the "Tolling Period"), in accordance with the provisions of New York General Obligations Law § 17-103(1);

WHEREAS the Tolling Announcement does not include any undertaking by any Securities Holders to forebear from commencing litigation during the Tolling Period;

IT IS HEREBY STIPULATED by the Parties, by their undersigned counsel, subject to the approval of the Court, as follows:

1. Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), this Action shall be dismissed without prejudice.

2. Any re-filed claims, as to which the applicable statute of limitations has not run as of the date of the Tolling Announcement (March 30, 2023) with respect to the Securities listed in the Complaint, that are re-filed in this Court or the New York County Supreme Court on or before December 31, 2028, ("Re-filed Claims," and any action asserting Re-filed Claims, a "Re-filed Action") shall be deemed timely filed.

3. The Republic promises not to plead the statute of limitation as to any Re-Filed Claim asserted in any Re-filed Action, provided such Re-Filed Claim is asserted on or before December 31, 2028, in a Re-Filed Action commenced in this Court or the New York County Supreme Court on or before December 31, 2028.

4. The Republic expressly reserves the right to assert all applicable rights, privileges, defenses, and immunities in any Re-filed Action, including without limitation as to service of process, personal jurisdiction, subject-matter jurisdiction, foreign sovereign immunity, standing, authority to sue, liability, damages, or any other right, privilege, defense, or immunity,

except solely for the defense based on the expiration of the applicable statute of limitations, and only to the extent expressly provided in Paragraph 3. Notwithstanding Paragraphs 2 and 3, the Republic expressly reserves the right to contend in any Re-filed Action that any claim or cause of action asserted therein (or any portion thereof, including any individual installment of principal or interest) was time-barred as of March 30, 2023, and therefore is not a Re-filed Claim.

5. Nothing herein shall constitute a concession, acknowledgement, or endorsement by the Republic of any fact, allegation, contention, or claim in Plaintiff's Complaint.

6. Nothing herein shall constitute a revision or amendment to any of the terms of the Securities, Fiscal Agency Agreement, or any amendments thereto or is intended to alter, modify, or waive any of the rights or obligations of the parties other than with respect to the tolling of the statute of limitations.

7. Each Party in this Action shall bear its own costs. None of the Parties is an infant, incompetent person for whom a committee has been appointed, or conservatee. The Republic is authorized to enter into this Stipulation.

8. This dismissal shall not be counted for purposes of Fed. R. Civ. P. 41(a)(1)(B) or N.Y. CPLR § 3217(c).

9. This Stipulation is only effective upon Order of the Court.

10. The undersigned are authorized to enter into this Stipulation on behalf of their respective clients.

11. This Stipulation may be signed in counterparts, and facsimile and electronic signatures shall be deemed as original.

*[The remainder of this page intentionally left blank]*

Dated: October 27, 2026
New York, New York

*/s/ Rudolph J. DiMassa*

Rudolph J. DiMassa
Stephanie Lamerce
DUANE MORRIS LLP
1540 Broadway
New York, NY 10036-4086
Telephone: (212) 471-1814
dtmctaggart@duanemorris.com
dimassa@duanemorris.com

*Counsel for Plaintiff*

*/s/ Hal S. Shaftel*

Hal S. Shaftel
GREENBERG TRAURIG, LLP
One Vanderbilt Avenue
New York, NY 10017
(212) 801-9200
shaftelh@gtlaw.com

*Counsel for Defendant*
*The Bolivarian Republic of Venezuela*